IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODUPE and ANTHONY DASILVA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 12 C 13<br>)<br>) Judge Ronald A. Guzmán |
| CITIMORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., LAW OFFICE OF IRA T. NEVEL, LLC, CITIBANK, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Modupe and Anthony DaSilva brought suit against CitiMortgage, Inc., Citibank, Mortgage Electronic Registration Systems, Inc., ("MERS") and the Law Office of Ira T. Nevel, LLC ("Defendants") alleging various claims related to the defendants' purported conduct in pursuing amounts owed by Plaintiffs on their mortgage. Plaintiffs seek leave to file a second amended complaint ("SAC"), which CitiMortgage, CitiBank, and MERS oppose.[1] For the reasons set forth below, the motion is denied in part and granted in part.

**A.     Background**

On or about April 28, 2009, Plaintiffs executed a promissory note for the purchase of real property located at 24379 Liberty Street, Crete, Illinois 60417. (Defs.' Resp., Dkt. # 70 at 2; *id.* Exs. A, B.) The promissory note was secured by a mortgage naming CitiMortgage as the lender and MERS as the nominee for CitiMortgage. (Defs.' Resp., Dkt. # 70 at 2; *id.* Exs. A, B.) In

---

[1] The Law Office of Ira T. Nevel is not a party to the brief filed opposing Plaintiff's motion to file the SAC; therefore, unless otherwise indicated, any reference to "Defendants" includes only CitiMortgage, CitiBank, and MERS.

December of 2009 Plaintiffs defaulted on the loan. (Defs.' Resp., Dkt. # 70 at 2; *id*. Ex. C.) CitiMortgage commenced a foreclosure lawsuit against Plaintiffs on February 3, 2010 and a judgment of foreclosure was entered against them on December 1, 2011. (Defs.' Resp., Dkt. # 70 at 2; *id*. Ex. C.) The Court may take judicial notice of these prior proceedings and related court documents attached to Defendants' response because Plaintiffs raised the issues in their complaint and they are central to Plaintiffs' claims. *Pugh v. Tribune Co.*, 521 F.3d 686, 691, n.2 (7th Cir. 2008) (court is permitted to take judicial notice of documents in public record without converting the motion into one for summary judgment); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

The following facts are taken from the proposed SAC. In July of 2011, prior to the entry of the judgment of foreclosure in state court, Plaintiffs sent a letter to CitiMortgage, Citibank, and MERS requesting verification and validation of their debt along with a Qualified Written Request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605(e). (Pl. Prop. SAC, Dkt. # 67-1, ¶ 6.) CitiMortgage, CitiBank and MERS and their agents continued to call Plaintiffs regarding their debt. (*Id*. ¶ 7.) On August 26, 2011 and in September 2011, Plaintiffs sent letters to Defendants (the proposed SAC uses the collective term here) informing them that Plaintiffs' debt had not been validated and verified pursuant to the Fair Debt Collection Practices Act ("FDCPA") and RESPA. (*Id*. ¶ 8.) On October 7, 2011, Plaintiffs sent a QWR for validation and verification of the debt to the Law Office of Ira T. Nevel and CitiMortgage. (*Id*. ¶ 9.) They did not validate or verify the debt. (*Id*.) At some time in October 2011, CitiBank, CitiMortgage and MERS sent a letter to Plaintiffs demanding a deed in lieu of foreclosure without

2

validating or verifying the debt. (*Id.* ¶ 10.) After Plaintiffs sent the letter requesting validation and verification of the debt, Defendants "continued collection activity." (*Id.* ¶ 11.)

On January 3, 2012, Plaintiffs, acting *pro se*, brought suit against CitiMortgage, MERS, Citibank, Ira T. Nevel and the Law Office of Ira T. Nevel (counsel for Defendants in the state foreclosure action) for violations of the FDCPA and invasion of privacy.[2] (Pl.'s Comp., Dkt. # 1.) Defendants moved to dismiss the complaint for failure to state a claim. (Defs' Mot. Dismiss, Dkt. ## 31, 33.) Plaintiffs retained counsel and responded to the motion to dismiss by filing their first amended complaint ("FAC"). (Pls.' FAC, Dkt. # 48.) On June 4, 2012, CitiMortgage, CitiBank and MERS moved to dismiss the FAC for failure to state a claim. Plaintiffs then filed the SAC on June 29, 2012. On CitiMortgage, CitiBank and MERS's motion, the SAC was struck from the record pursuant to Rule 15(a)(2), which requires the opposing party's consent or court approval before filing subsequent amended complaints. (7/12/12 Order, Dkt. # 66.)

Plaintiffs filed a motion for leave to file a SAC on July 16, 2012, seeking to separate the specific statutory violations of the FDCPA into different counts. Specifically, the proposed SAC alleges three counts under the FDCPA: Count I – violation of 15 U.S.C. § 1692g (a)(1) - (5) (b) and (d) (against all defendants); Count II – violation of 15 U.S.C. § 1692d(5) (against CitiMortgage, MERS, and CitiBank); Count III – violation of 15 U.S.C. § 1692e(5) (against CitiMortgage, MERS, and CitiBank).

---

[2] In addition, Plaintiffs' initial complaint brought suit for fraud, conspiracy, intentional infliction of emotional distress, injunctive and declaratory relief, and sought punitive damages. These claims and the request for punitive damages were not included in the FAC.

CitiMortgage, MERS, and CitiBank object to the proposed amendment on the ground that it is futile. Specifically, they contend that the SAC fails to allege facts in support of the conclusion that they are debt collectors under the FDCPA. (Def.'s Resp., Dkt. #70 at 1, 9.)[3]

## B.     Discussion

Rule 15(a) states that leave to file an amended complaint "shall be freely given." Fed. R. Civ. P. 15(a). The court shall permit a party to amend its complaint in the absence of a clear and compelling reason. *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011). However, the Court has broad discretion to deny leave to amend where there is undue delay, bad faith on the part of the movant, repeated failure to cure deficiencies by way of previous amendments, undue prejudice to the opposing party, or futility of the amendment. *Id.*

Defendants argue that Plaintiffs' amendment would be futile. An amendment is futile where it would not survive a motion to dismiss pursuant to Rule 12(b)(6). *Smart v. Local 702 Int'l Bhd. Of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009). In order to survive a motion to dismiss, a complaint must contain sufficient facts, which are assumed to be true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is facially plausible when the court can draw the reasonable inference from the presented facts that the defendant is liable for the alleged wrong. *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 556 (2007).

Plaintiffs allege in the proposed SAC that "Defendants are 'debt collectors' as the term is defined by 15 U.S.C. §1692a (6), or have retained the services of debt collectors." (Pls.' Prop.

---

[3] The Law Office of Ira T. Nevel is also named as a defendant. Although there appears to be confusion about whether the law office (versus the individual defendant, Ira T. Nevel) remains in the case as a defendant, it is named in the caption of both the FAC and SAC and has never been dismissed. Therefore, the Law Office of Ira T. Nevel is a defendant in the case, though it has not filed an opposition to Plaintiffs' motion for leave to file a SAC.

SAC, Dkt. # 67-1, ¶ 5.)  Defendants contend that Plaintiffs have failed to establish that they are entitled to relief under the FDCPA because they are "debt collectors" as the term is defined in the FDCPA.  (Defs.' Resp., Dkt. #70 at 5.)

The FDCPA imposes liability on "any debt collector who fails to comply with any provision of this title with respect to any person."  15 U.S.C. § 1692k(a).  The term "debt collector" is defined as "[a]ny person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §1692a(6).

Plaintiffs have failed to plead any facts in support of their assertion that Defendants are debt collectors and state only generally that Defendants (as a group) "continued collection activity" after Plaintiffs requested a validation and verification of their debt.  These allegations are insufficient to state a claim under the FDCPA.  *Cocroft v. HSBC Bank USA*, No. 10 C 3408, 2012 WL 1378645, at *10 (N.D. Ill. Apr. 20, 2012) (dismissing FDCPA claim against HSBC Bank and MERS, among others, because the "complaint contains no allegations that any of the defendants are in the business of collecting debt, that they regularly collect debts owed to others, or that they used names other than their own in attempting to collect a debt"); *Munger v. Deutsche Bank*, No. 1:11–CV–00585, 2011 WL 2930907, at *6 (N.D. Ohio Jul. 18, 2011) (concluding that MERS was not a debt collector because complaint contains "no allegation that Defendant MERS was involved in any debt collection activity") (citing *Robbins v. MERS, Inc.*, 2009 WL 3757443, at *5 (E.D. Mich. Nov. 9, 2009) (finding that MERS is not a debt collector and noting that "[t]he complaint alleges that Defendants (collectively) have violated various

provision[s] of the FDCPA, but [it] does not allege that MERS is a debt collector, that MERS engaged in any actions of a debt collector, or that MERS in particular violated any provision of the FDCPA")).

Moreover, the Court notes that the FDCPA explicitly excludes from its definition of debt collector "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such a person." 15 U.S.C. §1692a(6)(F)(ii). Creditors are generally "restrained by the desire to protect their good will when collecting past due accounts" and are not covered by the FDCPA. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). "Instead, the Act is aimed at debt collectors, who may have 'no future contact with the consumer and often are unconcerned with the consumer's opinion of them.'" *Id*. (citation omitted). "In general, a creditor is broadly defined as one who 'offers or extends credit creating a debt or to whom a debt is owed,' whereas a debt collector is one who attempts to collect debts 'owed or due or asserted to be owed or due another.'" *Id.* (citation omitted).

CitiMortgage was the original lender of the loan on which Plaintiffs defaulted; thus, it is excluded from the definition of a "debt collector" under the FDCPA.[4] *Wilkinson v. Wells Fargo Bank.*, 268 Fed. Appx. 476, 477 (7th Cir. 2008) (upholding district court's determination that Wells Fargo, as a creditor bank, was not a "debt collector" under the FDCPA). Nor is MERS, as

---

[4] Plaintiffs do not allege in the proposed SAC that CitiMortgage was the original lender, but, as noted above, the Court has taken judicial notice of the relevant Mortgage and Note, which demonstrate that CitiMortgage was the original lender.

a nominee,[5] a debt collector. *Radford v. Wells Fargo Bank*, No. 10–00767 SOM–KSC, 2011 WL 1833020, at *15 (D. Haw. May 13, 2011).

Although the Law Office of Ira T. Nevel did not oppose Plaintiffs' motion for leave to file the SAC, the deficiencies in the proposed SAC also apply to it. Therefore, for the reasons stated above, the SAC fails to state a claim for relief under the FDCPA and Plaintiffs' request to file the SAC is denied.

This conclusion leaves Plaintiffs with the pending FAC, which alleges a claim against all of the defendants under the FDCPA (Count I) and a claim for invasion of privacy by intrusion upon seclusion against all defendants (Count II). The FDCPA count in the FAC fails for the same reasons it fails in the proposed SAC – it contains no facts in support of the allegation that any of the defendants (referred to only collectively) are debt collectors. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679. The FAC is devoid of any facts supporting the legal conclusion that any of the defendants are debt collectors under the FDCPA. Accordingly, the FDCPA count in the FAC is dismissed, as stated more fully below.

C.      **Conclusion**

For the foregoing reasons, Plaintiffs' motion for leave to file the proposed SAC [67-1] is denied. In addition, the FDCPA claim in the FAC is dismissed. Plaintiffs were alerted to the deficiencies in their complaints through CitiMortgage, CitiBank's and MERS' two motions to dismiss and have had three opportunities to properly plead their FDCPA claim as to these

---

[5] Plaintiffs allege that MERS is the assignee of CitiMortgage. (Pls.' Prop. SAC, ¶ 7.) However, the Mortgage attached by the defendants to their response to Plaintiffs' leave to amend identifies MERS as a nominee. Because the document controls, *Ctrs. v. Centennial Mortg. Inc.*, 398 F.3d 930, 933 (7th Cir. 2005), the Court uses the term nominee.

defendants. They have failed to do so; thus, the dismissal of the FDCPA claim as to CitiMortgage, CitiBank, and MERS is with prejudice. Plaintiffs are given one more opportunity to properly plead an FDCPA claim against the Law Office of Ira T. Nevel. Any third amended complaint naming the Law Office of Ira T. Nevel shall be filed no later than November 2, 2012. The Law Office of Ira T. Nevel shall answer or otherwise plead no later than November 16, 2012.

Given that there are no currently pending federal claims, the Court declines to exercise supplemental jurisdiction over the state law invasion of privacy claim, which is dismissed without prejudice.

**Date**: October 19, 2012

_____
**United States District Judge**
**Ronald A. Guzman**