# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0013 | **DATE** | 1/11/2013 |
| **CASE TITLE** | *Dasilva v. Law Office of Ira T. Nevel. LLC* | | |

**DOCKET ENTRY TEXT**

For these reasons, the motion to dismiss the third amended complaint [81] is denied. The parties shall appear for a status on January 25, 2013 at 9:30 a.m.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Modupe and Anthony DaSilva filed suit against the Law Office of Ira T. Nevel alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). They allege that on October 7, 2011, they sent a Qualified Written Request ("QWR") to "Citimortgage, Inc., c/o Law Offices of Ira T. Nevel" requesting verification and validation of their mortgage debt. (Third Amended Complaint ("TAC"), Dkt. # 79, ¶ 6.) According to Plaintiffs, despite having received the letter, Defendant did not verify the debt and continued collection activity. (*Id*. ¶ 7.)

Defendant moves to dismiss on the ground that Plaintiffs do not allege that it was required to act pursuant to the QWR. Specifically, Defendant contends that the QWR was addressed to Citimortgage in care of Defendant and the QWR does not implicate any rights under the FDCPA, and does not indicate how Plaintiffs were harmed or how the Defendant's actions were the proximate cause of the alleged harm. Defendant further contends that Plaintiffs do not allege how it is a debt collector or otherwise subject to the FDCPA.

As to the assertion that the letter does not implicate the FDCPA, page 9 of the QWR, which is attached as Exhibit B to Defendant's motion to dismiss, contains a separate letter requesting validation and confirmation of the debt under the FDCPA. (Def.'s Mot. Dismiss, Dkt. #81-2, PageID # 391.) While the recipient is identified as Citimortgage, it is addressed to "Citimortgage c/o Law Offices of Ira T. Nevel LLC." (*Id.*) The address is that of the Law Offices of Ira T. Nevel. The letter sufficiently implicates the FDCPA. Whether Defendant was put on notice of the request for validation was not discussed by the parties at this juncture and will not be addressed by the Court at this time.

As to the purported failure to allege that Defendant is a debt collector, the FDCPA applies only to debt collectors and not creditors. *Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009). The FDCPA

| STATEMENT |
|---|

defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). While Plaintiffs allege in their complaint only that Defendant is a debt collector (TAC, Dkt. # 79, ¶ 5), they state in response to the motion to dismiss that "Defendant is/was the law firm retained by Citimortgage to collect the alleged debt of $475,490.67." (Resp., Dkt. # 84, at 5.) Assuming that is true, as the Court must for purposes of the motion to dismiss, Plaintiffs have sufficiently alleged that Defendant is a debt collector. Plaintiffs need not show at this time how Defendant is liable. To the extent Defendant argues that Plaintiffs have not plead how Defendant was required to act or how they were damaged, assuming these elements must be plead, Plaintiffs allege that Defendant did not validate the debt or cease collection activity after receiving the letter. (TAC, Dkt. # 79, ¶¶ 6, 7.)

  The Court further notes that Defendant attaches to its motion to dismiss a copy of the "only QWR received [from Plaintiffs]" by it. (Mot. Dismiss, Dkt. # 81, at 2.) Moreover, Plaintiffs note in their response to the motion to dismiss that Defendant represented Citimortgage in the foreclosure action in state court. Thus, Defendant has demonstrated it is aware of the factual basis of the claim.

  For these reasons, the motion to dismiss the TAC [81] is denied. The parties shall appear for a status on January 25, 2012 at 9:30 a.m.