**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MODUPE DASILVA, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 12 C 13 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| | ) |
| LAW OFFICE OF IRA T. NEVEL, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Modupe and Anthony DaSilva filed suit against the Law Office of Ira T. Nevel ("Nevel") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a), (b), and (d). The DaSilvas allege that on October 7, 2011, they sent a Qualified Written Request ("QWR") to "Citimortgage, Inc., c/o Law Offices of Ira T. Nevel" requesting verification and validation of their mortgage debt. (Third Amended Complaint ("TAC"), Dkt. # 79, ¶ 6.) According to the DaSilvas, despite having received the letter, Defendant did not verify the debt and continued collection activity. (*Id*. ¶ 7.) Nevel now moves for summary judgment. For the reasons stated herein, the motion is granted in part and denied in part.

**Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248. To succeed on a summary judgment motion, the evidence must be such "that [no] reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**Analysis**

15 U.S.C. § 1692g(a)[1]

Section 1692g(a)(1) - (5) provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

On February 3, 2010, Nevel filed a foreclosure action against the DaSilvas in the Circuit Court of Will County. (Pls.' LR 56.1(b)(3)(B) Stmt., Dkt. # 92, ¶ 4.) Summons was issued and served upon the DaSilvas in the foreclosure matter on February 10, 2010. (*Id.* ¶ 5.)[2] Nevel argues that the notice required under §§ 1692g(a)(1) - (5) ("FDCPA Notice") was attached to the summonses that were served upon the DaSilvas. (Def.'s LR 56.1(a) Stmt., Dkt. # 90, ¶ 4.)

"A debt collector violates § 1692g(a) by not sending a § 1692g(a) notice along with or within five days of its initial communication with a debtor." *Allen v. Bank of Am., N.A.*, No. 11 C 9259, 2012 WL 5412654, at *4 (N.D. Ill. Nov. 6, 2012). However, the filing of a foreclosure suit is not the initial communication within the meaning of § 1692(a) the FDCPA. *Id.* (citing 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.")). Thus,

---

[1] It is not clear to the Court whether the DaSilvas intend to assert a claim under § 1692g(a)(1) - (5). While the complaint cites these subsections of the FDCPA and the parties appear to address the claim in their summary judgment papers, the TAC contains no allegations supporting the claim. However, because the parties address the claim in the their summary judgment briefs, the Court does as well.

[2] Although Nevel's statements of fact are misnumbered, the Court's citations are to the paragraphs in proper numerical order.

Nevel's assertion that it sent the required FDCPA Notice when the summons and complaint were served in the foreclosure is irrelevant to this claim.

It is simply unclear from the record when, if ever, Nevel had an "initial communication" with the DaSilvas within the meaning of the FDCPA such that Nevel then had five days to send the written notice required under § 1692g(a). Therefore, Nevel's motion for summary judgment on the § 1692g(a) claim is denied.

<u>15 U.S.C. § 1692g(b)</u>

Under 15 U.S.C. § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

The requirement under this section that a debt collector cease collection of a debt if a consumer notifies the debt collector that the debt is disputed or requests the name and address of the original debtor is only activated if the consumer sends a notice within thirty days after the initial communication from the debt collector. 15 U.S.C. § 1692g(b). As noted by another court in this district:

> If the collector never sends the debtor a § 1692g(a) notice, then the thirty-day period never commences or occurs, which means that it is impossible for the debtor to demand validation within that (non-existent) thirty-day period. Under these circumstances, § 1692g(b)'s requirement that the collector validate the debt is never triggered.

*Allen*, 2012 WL 5412654, at *5. Because in this case a violation of § 1692g(b) is contingent on § 1692g(a), and the claim under § 1692g(a) cannot be resolved given the evidence in the record, the Court also cannot resolve the § 1692g(b) claim. Nevel contends that the DaSilvas' allegation that they sent a Qualified Written Request and validation of debt letter to Nevel on October 7, 2011 (TAC, Dkt. # 79, ¶ 6) dooms their § 1692g(b) claim because October 7, 2011 is well outside the thirty-day period from the date they served the FDCPA Notice on the DaSilvas. However, as already noted, the filing of a foreclosure suit is not the initial communication within the meaning of § 1692g(a). Because the record does not reflect, when, if ever the "initial communication" occurred, the Court denies summary judgment as to this claim.

<u>15 U.S.C. § 1692d</u>

3

The DaSilvas also appear to allege a violation of § 1692d in their TAC.  While the TAC actually mentions § 1692g(d) (TAC, Dkt. # 79, Count I: Validation of Debts, 15 U.S.C. § 1692g(a)(1) - (5), (b), and (d)), that section simply states that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section," 15 U.S.C. § 1692g(d), and does not provide a ground for relief.  Because Nevel addresses the claim under § 1692d, which provides in relevant part that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, the Court also construes the TAC to allege a claim under § 1692d, not § 1692g(d).

Nevel contends that the DaSilvas make no allegations nor present any evidence that Nevel engaged in harassing or oppressive conduct and the Court agrees.  The DaSilvas do not respond to the argument in their summary judgment response.  Accordingly, to the extent that the DaSilvas alleged a claim under § 1692d, the Court grants judgment to Nevel on this claim.

**Conclusion**

The Court grants Nevel's motion for summary judgment in part and denies it in part.  The parties are directed to appear on May 10, 2013, at 9:30 a.m. in order to set a trial date.  The Court strongly urges the parties to discuss settling this matter.

**Date**: April 25, 2013

_____
**United States District Judge
Ronald A. Guzmán**